PER CURIAM.
 

 The defendant appeals the circuit court’s denial of his Florida Rule of Criminal Procedure 3.850 motion alleging ineffective assistance of counsel. We reverse for further review of the defendant’s first argument, and affirm without comment as to the remaining arguments.
 

 In his first argument, the defendant alleged that trial counsel was ineffective for failing to file a motion to suppress evidence. At issue is whether the defen
 
 *568
 
 dant’s “girlfriend” had common authority to consent to the officers’ entry into the apartment.
 
 Cf. Ferguson v. State,
 
 58 So.3d 360 (Fla. 4th DCA 2011) (the state proved that the defendant’s girlfriend had common authority over the apartment so that her consent for the police to enter the premises validated their presence in the apartment). On this argument, the defendant stated a legally sufficient claim for relief, and the record before this court does not conclusively refute the claim. Accordingly, we reverse as to this claim only. On remand, the trial court shall either attach those portions of the record which conclusively refute the claim or shall conduct an evidentiary hearing to determine whether the defendant’s counsel was ineffective for failing to file a motion to suppress.
 

 Affirmed in part, reversed in part, and remanded.
 

 CIKLIN, GERBER and LEVINE, JJ„ concur.